# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | Case No. 1:17-cv-364<br>Dlott, J<br>Litkovitz, M.J. |
| vs. | |
| MARK E. RICHTER, et al.,<br>Defendants. | **REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff United States of America's motion for summary judgment. (Doc. 58). Defendants Mark and Sally Richter have not filed a response in opposition.

## I. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Under Federal Rule of Civil Procedure 56(c), a grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at

249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the non-moving party to "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original). To meet that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## II. Undisputed Facts

The United States presents the following proposed undisputed facts and accompanying evidence in support of its motion for summary judgment, which, as noted above, has not been opposed by defendants.[1]

1. On the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments of federal income taxes and penalties owed by Mark E.

---

[1] In failing to file a memorandum in opposition to plaintiff's motion for summary judgment, defendants have failed to offer any facts or evidence in opposition to plaintiff's claims. As such, the facts presented by plaintiff are undisputed.

2

Richter and Sally S. Richter, for the following taxable years, in the following amounts, which, after applying payments and credits, have the following balances due, with interests, accruals, and costs, as of May 29, 2019:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of May 29, 2019 |
|---|---|---|---|---|
| 12/31/2006 | Tax reported | 5/28/2007 | $32,829.00 | $31,032.93 |
| | Estimated Tax Penalty | 5/28/2007 | $690.12 | |
| | Failure to Pay Penalty | 5/28/2007 | $149.58 | |
| | Failure to Pay Tax Penalty | 11/29/2010 | $3,589.92 | |
| 12/31/2007 | Tax reported | 2/16/2009 | $19,214.00 | $43,917.06 |
| | Estimated Tax Penalty | 2/16/2009 | $874.49 | |
| | Late Filing Penalty | 2/16/2009 | $4,323.15 | |
| | Failure to Pay Penalty | 2/16/2009 | $1,056.77 | |
| | Failure to Pay Tax Penalty | 11/29/2010 | $2,017.47 | |
| | Failure to Pay Tax Penalty | 11/26/2012 | $576.42 | |
| 12/31/2010 | Tax reported | 4/13/2015 | $37,359.00 | $59,804.52 |
| | Estimated Tax Penalty | 4/13/2015 | $525.05 | |
| | Late Filing Penalty | 4/13/2015 | $6,875.77 | |
| | Failure to Pay Tax Penalty | 4/13/2015 | $7,334.16 | |
| | Failure to Pay Tax Penalty | 10/17/2016 | $2,613.93 | |
| 12/31/2011 | Tax reported | 4/13/2015 | $34,319.00 | $63,364.05 |
| | Estimated Tax Penalty | 4/13/2015 | $659.64 | |
| | Late Filing Penalty | 4/13/2015 | $7,496.77 | |
| | Failure to Pay Penalty | 4/13/2015 | $5,997.42 | |
| | Failure to Pay | 10/17/2016 | $2,332.33 | |

|  | Tax Penalty |  |  |  |
|---|---|---|---|---|
| 12/31/2012 | Tax reported | 4/27/2015 | $34,943.00 | $62,771.00 |
|  | Estimated Tax Penalty | 4/27/2015 | $608.55 |  |
|  | Late Filing Penalty | 4/27/2015 | $7,637.17 |  |
|  | Failure to Pay Penalty | 4/27/2015 | $4,242.88 |  |
|  | Failure to Pay Penalty | 10/17/2016 | $4,242.87 |  |
| 12/31/2014 | Tax reported | 12/28/2015 | $28,511.00 | $14,787.36 |
|  | Failure to Pay Penalty | 12/28/2015 | $1,027.99 |  |
| 12/31/2015 | Tax (reported) | 12/12/2016 | $6,659.00 | $62,467.61 |
|  | Late Filing Penalty | 12/12/2016 | $625.67 |  |
|  | Failure to Pay Penalty | 12/12/2016 | $76.39 |  |
|  | Additional Tax Assessed | 6/25/2018 | $33,468.00 |  |
|  | Accuracy Penalty | 6/25/2018 | $6,693.60 |  |
|  | Late Filing Penalty | 6/25/2018 | $9,649.83 |  |
| **Total** |  |  |  | $338,114.53 |

(*See* Exh.1, Doc. 57-1, Declaration of Stanley Harris, IRS Revenue Officer in Cincinnati, Ohio; Exhs. 2-8, Docs. 57-2, 57-3, 57-4, 57-5, 57-6, 57-7, 57-8, Certificates of Assessments, Payments, and Other Specified Matters).

2. All of the above tax amounts assessed were as reported on the returns except for the additional assessment for year 2015, which was a deficiency proposed after an examination of the return that was assessed after the taxpayers did not petition the Tax Court. (*See* Exhs. 2-8, Docs. 57-2, 57-3, 57-4, 57-5, 57-6, 57-7, 57-8).

3. Notices of the liabilities described in paragraph 1, above, and demands for payment, were issued to Mark E. Richter and Sally S. Richter in accordance with the law. (*See* Entries for Statutory Notice of Balance Due, Doc. 57-2 at PAGEID #163-64; Doc. 57-3 at

4

PAGEID #170-71; Doc. 57-4 at PAGEID #177; Doc. 57-5 at PAGEID #182; Doc. 57-6 at PAGEID #187; Doc. 57-7 at PAGEID #192; Doc. 57-8 at PAGEID #197-98).

4. Despite such notices and demands for payment, Mark E. Richter and Sally S. Richter have failed, neglected, or refused to fully pay the liabilities described in paragraph 1, above, and after the application of all abatements, payments, credits, accruals, and costs, they remain liable to the United States in the amount of $338,114.53, plus statutory additions from and after May 29, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c). (*See* Doc. 57-1, Harris Declaration at ¶ 3).

5. By General Warranty Deed dated February 15, 1998 and recorded February 19, 1998, with the Clermont County Recorder, Mr. and Mrs. Richter acquired title to and ownership of the Property, which is located within the jurisdiction of this Court at 2673 ½ Old State Route 132, New Richmond, OH, 45157, and is legally described in the General Warranty Deed. (*See* Doc. 57-9).

6. In accordance with 26 U.S.C. § 6323(f), a delegate of the Secretary of the Treasury filed with the Clermont County Recorder noticed of federal tax liens ("NFTLs") for the tax liabilities of Mr. and Mrs. Richter on the dates, as follows:

| Taxable Years (Type of Tax) | Date NFTL Filed |
|---|---|
| 2006 | 9/26/2008 |
| 2007 | 7/7/2008 |
| 2010, 2011, 2012 | 6/9/2015 |
| 2014 | 1/22/2016 |
| 2015 | 2/13/2017 |

5

(*See* Notices of Federal Tax Lien, Doc. 57-10).

**III. Resolution**

Plaintiff argues that summary judgment should be granted in its favor because the IRS's assessments are entitled to a presumption of correctness. (Doc. 58-1 at 2). Plaintiff argues that the tax amounts were reported by the Richters on their returns except for the additional assessment for the year 2015. (*Id.*).[2] Plaintiff states that it is unaware of any admissible evidence sufficient to rebut the presumption of correctness of the tax assessments that it has presented to the Court. (*Id.*). Plaintiff further argues that the United States in this case may enforce its liens against defendants' property by seeking a judicial order to sell the property and distribute proceeds to the United States and other claimants who have an interest in the property. (*Id.* at 4) (citing 26 U.S.C. § 7403; *United States v. Big Value Supermarkets, Inc.*, 898 F.2d 493, 496 (6th Cir. 1990)). Plaintiff represents that the assessments of delinquent taxes have been conducted in accordance with all applicable provisions of law; therefore, the federal tax liens attach to all property and rights in property of the Richters and the proceeds of any sale of that property. (*Id.* at 5).

An "initial presumption of correctness" applies to the IRS's tax assessments. *United States v. Besase*, 623 F.2d 463, 465 (6th Cir. 1980). Taxpayers "have the burden of producing evidence to refute the validity of an assessment." *Id.* To meet this burden, the taxpayer must show that the assessment determination was incorrect or arbitrary. *United States v. Rohner*, 634 F. App'x 495, 499 (6th Cir. 2015). In this case, the undisputed evidence submitted by the United States presumptively establishes that defendants Mark E. Richer and Sally S. Richer are liable for the unpaid balance of the tax assessments alleged in the amended complaint, totaling

---

[2] Plaintiff represents that the additional assessment for the year 2015 was added in the amended complaint, and defendants failed to file an answer or other responsive pleading.

$338,114.53. The United States has submitted the declaration of IRS officer Stanley Harris, who attests that the tax assessments alleged in the complaint were made against the defendants and remain unpaid, as well as the certified transcripts that verify the assessments. (Docs. 57-1 to 57-8). By failing to present evidence creating a genuine issue of fact as to the accuracy of the tax assessments, defendants have failed to rebut the presumption of correctness of the unpaid tax assessments that the United States has presented in this case. Accordingly, summary judgment should be granted to the United States on its claim that defendants Mark E. Richer and Sally S. Richter have unpaid federal tax liabilities totaling $338,114.53 plus interest from May 29, 2019.

Plaintiff seeks to enforce its liens against defendants' property located at 2673 ½ Old State Route 132, New Richmond, OH, 45157, described more fully in the Warranty Deed attached as Exhibit 9, through a judicial sale of the property. (Doc. 57-9). Pursuant to 26 U.S.C. § 6321, a lien attaches to all "property and rights to property, whether real or personal, belonging to such person." Further, under 26 U.S.C. § 7403, "[i]n any case where there has been a refusal or neglect to pay any tax . . . the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States. . . ." § 7403(a). Once the civil action has been filed:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, *may decree a sale of such property*, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. . . .

26 U.S.C. § 7403(c) (emphasis added).

Pursuant to 26 U.S.C. §§ 6321 and 7403, liens in the amounts and the tax years described above have attached to defendants' property. (Doc. 57-10). Notices of the federal tax liens were

filed with the Clermont County, Ohio Recorder. (*Id.*). Defendants jointly own the property. (Doc. 57-9). As the Court has found in plaintiff's favor on the merits of its claim, the Court determines that plaintiff's motion to enforce the federal tax liens through a judicial sale of the Property should be granted. *See United States v. Kramer*, No. 2:14-cv-2651, 2017 WL 3600443, at *5 (S.D. Ohio Aug. 18, 2017). Moreover, plaintiff represents that the Clermont County does not oppose plaintiff's motion. On February 15, 2019, plaintiff and the State of Ohio filed a stipulation pursuant to Rule 54(b) that the State of Ohio has no right, title, claim, lien or interest in the Property and that the Court may order the judicial sale of the Property free and clear of all rights, title, liens, claims, and interests, and without right of redemption of the State of Ohio. (Doc. 52). The parties further stipulate that the State of Ohio be dismissed as a defendant to this action. (*Id.*). Accordingly, the Court determines that the United States may collect from a foreclosure sale of defendants' Property as much of the $338,114.53, as of May 29, 2019, as is owed to the United States.

## IV. Conclusion

Based on the foregoing it is **RECOMMENDED** that:

1. Plaintiff's motion for summary judgment (Doc. 58) be **GRANTED**;

2. Defendants Mark E. Richter and Sally S. Richter be adjudged liable for unpaid income taxes, penalties, and interest for the 2006, 2007, 2008, 2009, 2010, 2012, 2014, and 2015 taxable years, in the amount of **$338.114.53**, plus interest from and after May 29, 2019, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622 and 28 U.S.C. § 1961(c) until the judgment is satisfied;

3. The United States be entitled **ENFORCE** the federal tax liens securing the tax liabilities of Mark E. Richter and Sally S. Richter for those tax years that have

8

attached to real property Parcel #242708B091 located at 2673 ½ Old State Route 132, New Richmond, OH, 45157 ("the Property") as legally described in the complaint, and the United States be entitled enforce such liens against the Property through the judicial sale of the Property free and clear of all rights, title, liens, claims, and interests of the parties, including any rights of redemption, with proceeds of such sale to be distributed, after the payments of the costs of sale and any local real estate taxes due and owing as permitted by 26 U.S.C. § 6323(b)(6) to the United States;

4. This case be **TERMINATED** from the Court's docket.

Date: 12/10/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | Case No: 1:17-cv-364<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| MARK E. RICHTER, et al.,<br>Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).